**Milton R. LEWIS, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45794.**

Court of Criminal Appeals of Texas.

Feb. 28, 1973.

John G. Gilleland, Houston, for appellant.

Carol Vance, Dist. Atty., James C. Brough and Bert Graham, Asst. Dist. Attys., Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, twenty (20) years.

The complaining witness testified that on March 2, 1970, he was assaulted and robbed by appellant who slashed his arm with a meat cleaver.

Appellant's sole ground of error relates to the validity of the search of his automobile on March 17, 1970, which revealed the meat cleaver under the front seat.

Appellant, testifying in his own behalf, admitted his participation in the affray in which the complaining witness was injured, but stated that he was acting in defense of his prostitute common-law wife. He was not questioned concerning his arrest.

Vice Officer W. D. Lott testified that on March 17, 1970, he and two other officers, on patrol, saw two known prostitutes "flagging down cars" on a Houston street. When the women recognized the officers they fled to a nearby parked motor vehicle which had been driven there by appellant and which they were entering as the officers pulled up. Appellant's automobile was parked in a parking lot and he was seated therein when the women entered. When the officers approached, the women got out of the automobile and one of them, Janice Williams, stuck something under her coat. Questioned about the concealed item, she

pulled a gun out from under her coat and pointed it at the officers. At this point appellant was standing "on the driver's side of his car" and the women were also nearby. The officers seized the gun, arrested the trio, and searched the automobile.

Appellant contends the officers lacked probable cause to search his automobile.

All three persons were near the motor vehicle and could have lunged back to retrieve other weapons.

We conclude that the search of Janice Williams was authorized under Article 487, Vernon's Ann.P.C., and the finding of the pistol gave the officers probable cause to search the automobile. See Kwant v. State, Tex.Cr.App., 472 S.W.2d 781, and cases there cited.

Finding no reversible error, the judgment of the trial court is affirmed.