George Charles **IMHOFF**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45883.

Court of Criminal Appeals of Texas.

March 28, 1973.

Rehearing Denied June 6, 1973.

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., and Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The conviction is for robbery by assault; punishment was assessed at 99 years' confinement.

Appellant, in his first of three grounds of error, alleges that the trial court erroneously allowed a money bag to be introduced, since it was obtained as the result of an illegal arrest and search. Specifical-

ly, he charges that the arresting officer did not possess sufficient probable cause to make the warrantless search of the interior of the automobile in which he was traveling.

The circumstances surrounding the arrest are as follows: the arresting officer testified that on the day in question, he observed a 1965 Ford automobile with Oklahoma license plates. There had been several armed robberies in the area recently and the description of the automobile involved was a blue 1965 or 1966 Ford, bearing Oklahoma license plates. The officer was driving behind the automobile and observed it make several random turns. He noticed appellant, who was seated in the front seat on the right side, make certain movements, "apparently trying to conceal something under the front seat of the car." The officer pulled alongside the vehicle, but was not able to make eye contact with its occupants. Finally, the car quickly moved to the left-hand side of a two-way street, meeting an oncoming automobile. Having pulled alongside the curb, and stopped on their own accord, appellant and his two companions immediately started to emerge. The arresting officer advised them to stay in the car. He then called for assistance. When other officers arrived, all three persons were ordered out of the vehicle and a search of the front seat was made. A potato chip bag containing money stolen in a recent bank robbery was found under the right front seat. At this time, the three occupants of the automobile were standing beside the car on the sidewalk. The arresting officer testified that he advised the cover officer to check under the front seat, that he didn't know what was there, but that he thought it "might be guns."

■ Appellant questions first the "stopping" of the automobile and the alleged illegal search which followed. The record reflects that the automobile stopped on its own accord; the police officer did not pull the car over. Even assuming that he had, arguendo, the officer could legitimately have stopped the automobile for a traffic violation if not for investigation of the recent robberies.

■ The only point then is the search which turned up the money, found under the front seat. The arresting officer had observed appellant make movements toward that area, as if concealing something. Also, the proximity of the persons arrested to the automobile provides clear justification for the limited search which was conducted incident to the lawful arrest. One or more of the three occupants of the vehicle could conceivably have lunged for a weapon or tried to destroy evidence.[1] Madeley v. State, 488 S.W.2d 416 (Tex.Cr. App.1972).

Secondly, appellant complains of improper jury argument, yet no objection was voiced to the remarks in question. No error is shown.

■ In his only remaining ground, appellant argues that the court committed error in overruling his motion for continuance. Two days after the trial began, appellant filed his motion, alleging that two named persons were presently unavailable and that their testimony "would exonerate this Defendant." Appellant's motion fails to comply with Article 29.06, Vernon's Ann.C.C.P., in that it does not show due diligence in securing the attendance of the witnesses nor the facts which he expected to prove by such witnesses. The trial judge's overruling the motion reflects no abuse of discretion. Glover v. State, 470 S.W.2d 688 (Tex.Cr.App.1971); Rosales v. State, 473 S.W.2d 474 (Tex.Cr.App. 1971).

The judgment is affirmed.

1. Apparently no testimony was presented in the present case as to whether or not the doors of the automobile remained open when the occupants were ordered out. See also Lewis v. State, 490 S.W.2d 846 (1973).