Pedro Martinez **SALAZAR**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–89–086–CR.

Court of Appeals of Texas,
Texarkana.

April 10, 1990.

Werner Voigt, Jr., Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

GRANT, Justice.

Pedro Martinez Salazar was arrested without a warrant for criminal trespass and charged with the second-degree felony offense of possession of less than twenty-eight grams of cocaine, which was found on his person at the time of the arrest. Salazar waived indictment, jury trial, and pre-sentence report and pled no contest. His motion to suppress evidence was denied by the trial court, and the court found him guilty and assessed punishment at three years' confinement in the penitentiary. Salazar appeals his conviction on the ground of the denial of his motion to suppress.

Salazar contends that the trial court committed reversible error in denying his motion to suppress evidence because the State did not prove that the police had probable cause to arrest him without a warrant for a criminal trespass and because the State did not prove that procuring a warrant was impracticable.

At the hearing on the motion to suppress evidence, the trial judge was the sole judge of the weight and credibility of the witnesses. As the fact finder, he may choose to believe or disbelieve any or all of the witnesses' testimony. *Luckett v. State*, 586 S.W.2d 524, 527 (Tex.Crim.App. [Panel Op.] 1979). Carl Moon, a law enforcement officer, testified to the following facts. In addition to his regular police duties, Moon was working on a job at the Link Valley Apartments. First Heights Savings, the owner, was preparing to tear down the apartments, and all tenants were being asked to move out. The employer wanted Moon and other officers to keep out the people who were squatters in the vacant apartments. Most of the apartment complex was empty of renters, but many peo-

ple who were not paying rent had moved into the apartments. Only seventeen apartments out of 120 units were occupied by paying renters. The premises contained no trespassing signs in English and Spanish. A few days prior to January 10, 1989, Moon and another officer ordered Salazar off the property and instructed him not to return. On January 10, 1989, Moon and Officer Mike Hamby saw Salazar again on the property. They arrested him for criminal trespass, and Hamby did a pat-down search which resulted in the discovery of a syringe. When the syringe was pulled out of Salazar's pocket, some cocaine also dropped out.

■ As a general rule, police officers must obtain an arrest warrant prior to taking someone into custody. *DeJarnette v. State*, 732 S.W.2d 346 (Tex.Crim.App.1987). Salazar correctly contends that the State must show the arrest was made under one of the exceptions allowing for warrantless arrest. Warrantless arrests are authorized by various Texas statutes. Under Tex. Crim.Proc.Code Ann. art. 14.01(b) (Vernon 1977), a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. To arrest the person, the officer must have probable cause. *Vasquez v. State*, 739 S.W.2d 37 (Tex.Crim.App.1987). The test for determining probable cause for a warrantless arrest is whether, at the moment of arrest, the officer acted upon knowledge based upon reasonably trustworthy information that would warrant a reasonable and prudent person to believe that the person arrested had committed or was committing a crime. *Id.*, at 44; *Smith v. State*, 739 S.W.2d 848 (Tex.Crim.App.1987); *Mitchell v. State*, 756 S.W.2d 71 (Tex. App.–Texarkana 1988, no pet.).

■ Salazar was arrested for the offense of criminal trespass. A person commits criminal trespass if he enters or remains on property or in a building of another without effective consent and he had notice that the entry was forbidden or received notice to depart but failed to do so. Tex.Penal Code Ann. § 30.05(a) (Vernon 1989). The definition of *notice* includes:

(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

. . . .

(C) a sign or signs posted on the property or at the entrance to the building, reasonably likely to come to the attention of intruders, indicating that entry is forbidden.

Tex.Penal Code Ann. § 30.05(b)(2)(A), (C) (Vernon Supp.1990).

The trial judge was the finder of fact at the hearing on the motion to suppress. There was testimony that Salazar had been notified by Moon and by signs on the property that he was not to trespass on the property. There is evidence to show that in spite of these warnings, Salazar did trespass on the property. These are sufficient facts and circumstances to authorize a reasonable person to believe that Salazar was committing criminal trespass. The offense of criminal trespass was committed in the presence and within the view of the arresting officers. Thus, a warrantless arrest was authorized under Article 14.01(b).

■ Salazar contends on his second point that the warrantless arrest was illegal because the State did not prove that procuring a warrant was impracticable. When an offense occurs in the presence of the arresting officer, Article 14.01(b) authorizes the arrest without the necessity of obtaining a warrant. Therefore, the State was not required to justify its failure to procure a warrant.

We hold that the trial court did not err in overruling Salazar's motion to suppress evidence. The judgment of the trial court is affirmed.