TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00636-CV







In the Matter of M. R. L.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. J-17,024, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING






 M.R.L., a juvenile, was charged with delinquency for possessing more than one
gram and less than four grams of cocaine. See Tex. Fam. Code Ann. § 51.03 (West Supp. 2000);
Tex. Health & Safety Code Ann. § 481.115(c) (West Supp. 2000). He filed in juvenile court a
motion to suppress evidence, challenging the search that yielded the cocaine. After a hearing, the
court denied the motion. Appellant then pleaded guilty to the offense and was placed on probation
for one year. On appeal, appellant challenges the denial of his motion to suppress. We will
affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 M.R.L. was a back-seat passenger in a car stopped for failing to use a turn signal. 
Austin Police Officer Jason Bryant testified that after stopping the car he asked the driver and his
two passengers to step out of the car. The three were frisked by Bryant or his partner, and no
weapons were found. Questioning the driver, Bryant found him to be "extremely nervous and
apparently lying" and so placed him under arrest. Incident to the arrest, Bryant commenced a
search of the car and found a pistol under the front passenger seat. Bryant testified that finding
the gun caused him to fear for his safety, and so he told his partner that they should search the
occupants again to make certain they were not carrying weapons. He then searched appellant
more thoroughly and found a lump "in his underwear between the area of his genitals and the
rectum on the bottom side by his underwear." Bryant said he immediately identified the lump as
narcotics. Appellant was then arrested for possession of a controlled substance. A further search
of the car revealed a lotion bottle containing cocaine under the driver's seat. The vehicle's driver
and other passenger were also arrested.

 Based on the cocaine found on appellant during Bryant's search, the State filed a
petition charging appellant with delinquency for possessing more than one gram but less than four
grams of cocaine. Appellant filed a motion to suppress, alleging that the cocaine found was the
product of an unconstitutional search. A hearing was held on the motion, and Bryant was the only
witness who testified. Following denial of his motion to suppress, appellant pleaded guilty
pursuant to a negotiated plea agreement. He was adjudicated delinquent and received a sentence
of one year's probation.


DISCUSSION

 Reviewing the denial of this motion to suppress, we look to the standard articulated
in Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Although we give "almost total
deference to a trial court's determination of the historical facts," we review de novo a
determination of reasonable suspicion or probable cause. Id. Because the trial court made no
explicit findings of historical fact, we review the evidence in the light most favorable to the trial
court's ruling. See Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000). Thus,
we will assume that the trial court made "implicit findings of fact supported in the record that
buttress its conclusion." Id. Because the trial court did not specify the reason for its denial of
the motion to suppress, its ruling will be upheld if it is correct under any applicable theory of law. 
See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

 In his third issue on appeal, appellant complains that the search that uncovered the
weapon in the vehicle was unconstitutional. He claims that the driver was arrested only after
refusing to consent to a search of his vehicle, and that arresting him for failing to use his turn
signal--a traffic offense punishable only by a fine (1)--was constitutionally unreasonable. Because the
arrest violated the driver's Fourth Amendment rights against an unreasonable search and seizure,
appellant argues, the search of the car conducted incident to that arrest was unconstitutional as
well. While appellant raises questions about the validity of the arrest of the driver and subsequent
search of his car, (2) the law is clear that he is not in a position to assert the driver's Fourth
Amendment rights.

 In Rakas v. Illinois, 439 U.S. 128 (1978), the Supreme Court held that "[a] person
who is aggrieved by an illegal search and seizure only through the introduction of damaging
evidence secured by a search of a third person's premises or property has not had any of his
Fourth Amendment rights infringed." Id. at 134. The Court specifically rejected appellant's
argument that the "victim" of an illegal search and seizure should have the right to assert a
violation of the Fourth Amendment rights of a third party. See id. at 136-37. Here, although the
gun found in the allegedly unconstitutional search of the car led to appellant's arrest, we do not
believe he had such a "legitimate expectation of privacy" in the area underneath the seat of a car
in which he was merely a passenger as to give him standing to challenge the legality of the search
of that area. We dismiss issue three.

 In his second issue on appeal, M.R.L. argues that the motion to suppress evidence
uncovered in the search of his person should have been granted because the officers lacked
probable cause to believe he had committed an offense. Like adults, juveniles are protected from
unreasonable searches by the Fourth Amendment of the United States Constitution and by article
I, section 9 of the Texas Constitution. See In re A.D.D., 974 S.W.2d 299, 306 (Tex. App.--San
Antonio 1998, no pet.). In order for a warrantless arrest or search to be justified, the State must
show the existence of probable cause at the time the arrest or search was made and the existence
of circumstances that made procuring a warrant impracticable. See Crane v. State, 786 S.W.2d
338, 346 (Tex. Crim. App. 1990).

 Probable cause to arrest exists where the facts and circumstances within the
arresting officer's knowledge are sufficient to warrant a person of reasonable caution to believe
an offense has been or is being committed. See Guzman, 955 S.W.2d at 87; Amores v. State, 816
S.W.2d 407, 413 (Tex. Crim. App. 1991); Leday v. State, 3 S.W.3d 667, 671 (Tex.
App.--Beaumont 1999, pet. ref'd). An officer may make a warrantless arrest for any offense
committed in his presence or within his view. See Tex. Code Crim. Proc. art. 14.01(b) (West
1977). In the present case, Bryant testified that while searching the vehicle incident to the arrest
of its driver, he uncovered a weapon concealed under the front passenger seat of the car. When
asked whether that gun was readily accessible to appellant, who was riding in the back seat,
Bryant acknowledged that while the gun was not as accessible to the back seat passenger as it was
to the person sitting in front, appellant could have reached the gun under the passenger seat from
the back of the car. When specifically asked whether appellant "could have been in control of the
gun where it was positioned in the car," Bryant answered that he could. In light of this testimony,
we conclude that Bryant had probable cause to believe that appellant had committed the crime of
unlawful possession of a weapon. See Tex. Penal Code Ann. § 46.05 (West 1994).

 Appellant argues that probable cause must be particularized to the specific
individual and that, lacking some "affirmative link" connecting the gun to appellant, there was no
probable cause for the arrest and search. Under the "affirmative links" doctrine, when an accused
is not in exclusive possession of the place where contraband is found, it cannot be concluded that
the accused had knowledge or control over the contraband absent additional independent facts and
circumstances that affirmatively link the accused to the contraband. See Cude v. State, 716
S.W.2d 46, 47 (Tex. Crim. App. 1986); Britton v. State, 793 S.W.2d 768, 770 (Tex. App.--Fort
Worth 1990, pet. ref'd). Mere presence at a place where contraband is found will not support a
conviction for possession. See Britton, 794 S.W.2d at 770. Appellant's reliance on the
"affirmative links" doctrine is misplaced, however, because that requirement speaks to the State's
burden of proof in securing a conviction. Far less evidence is required to establish probable cause
than is needed to support a conviction. See Guzman, 955 S.W.2d at 87; Woodward v. State, 668
S.W.2d 337, 345 (Tex. Crim. App. 1982) (opinion on reh'g). To the extent that the "affirmative
links" doctrine applies at all in the context of determining probable cause to arrest, it is merely
part of the standard for gauging whether the known and reasonably trustworthy information
available to the police would warrant a reasonable person to believe that a particular person had
committed or was committing an offense.

 In further arguing that the officers had no probable cause for the search that yielded
the drugs, appellant relies on two cases--Leday, 3 S.W.3d 667 and United States v. Di Re, 332
U.S. 581 (1948)--for the proposition that a person's mere proximity to others independently
suspected of criminal activity does not, without more, give rise to probable cause. We believe
both cases are distinguishable on their facts. In Di Re, appellant was a passenger in a car with
two other men. See 332 U.S. at 583. In the back seat was a police informant who was holding
counterfeit gasoline ration coupons. See id. He told officers that he had received the coupons
from the driver. See id. Police then took all three men into custody and searched them, and an
envelope containing a hundred gasoline ration coupons was found concealed on Di Re. See id. 
The Court held that Di Re's mere presence in the car was insufficient to give officers probable
cause to arrest and search him. See id. at 594.

 In Leday, appellant was a passenger in a vehicle stopped for speeding. See
3 S.W.3d at 670. When approached by police, the driver voluntarily relinquished a bag
containing about 124 grams of crack cocaine, whereupon both the driver and Leday were arrested
and taken to the constable's office. See id. A search of Leday's shoes revealed about 28 more
grams of crack cocaine. See id. The court held that the State lacked probable cause to arrest
Leday merely because the driver possessed a large amount of crack cocaine and that the
warrantless search was therefore unjustified. See id. at 673.

 Both Leday and Di Re differ from the present case in one significant respect: in
each case, police tried to attach probable cause to the defendant by virtue of his proximity to
another person found in possession of contraband. In Leday, the driver was in possession of the
drugs that the officer claimed gave him probable cause to arrest and search both driver and
passenger. See id. at 670. In Di Re, the informant in the back seat possessed the contraband and
named the driver as the party who had sold the coupons to him. See 332 U.S. at 583. The
Supreme Court implicitly acknowledged that there may be an inference that everyone on the scene
of a crime is a party to it, holding that any such inference "must disappear if the Government
informer singles out the guilty person." Id. at 594. Where, as here, the gun was not in the
exclusive possession of any occupant of the vehicle, no circumstances pointed to the guilt of
another occupant, and appellant had access to the gun, we hold that the police had probable cause
to arrest appellant. (3)

 When probable cause is present, the inquiry becomes whether exigent
circumstances existed to obviate the need for a warrant and justify the warrantless search and
arrest of appellant. (4) See McNairy v. State, 835 S.W.2d 101, 107 (Tex. Crim. App. 1991). 
Exigent circumstances include factors pointing to some danger to the officers. See id. (citing
Stewart v. State, 681 S.W.2d 774, 777 (Tex. App.--Houston [14th Dist.] 1984, pet. ref'd)). At
the hearing on the motion to suppress, Bryant testified that in his experience "it's common when
someone is carrying one weapon they have more than one weapon. They also teach that if
someone has one firearm it's likely they have two firearms . . . ." He also testified that he feared
for his safety upon finding the gun in the car, thus prompting him to tell his partner that they
should search appellant and the other occupants of the vehicle again.

 When appellant was initially ordered out of the car, he was frisked for weapons. 
See Terry v. Ohio, 392 U.S. 1, 27 (1968) (officer may conduct limited search for weapons without
warrant or probable cause, where he has reason to believe he is dealing with armed and dangerous
person). Appellant suggests that since the officers had already frisked him, found no weapon, and
placed him away from the car during the search, the officers had no reasonable basis for believing
appellant posed a threat to their safety after finding a gun in the car and therefore no exigent
circumstances were present to excuse the warrantless search. He has cited no controlling
authority for the proposition that after conducting a Terry frisk, officers may do nothing more to
satisfy themselves that a suspect poses no threat to them. (5) Here, Bryant testified that he believed
his partner had frisked all three suspects when they first emerged from the car. It was after that
frisk that the gun was found in the vehicle. We believe that finding the weapon gave rise to a
heightened risk that reasonably justified Bryant's fear that his partner may have missed a weapon
on his initial, cursory frisk. We hold that, after finding a weapon in the car, the officers'
subsequent fear of further weapons constituted an exigent circumstance that justified the
warrantless search and arrest of appellant.

 Because the officers had probable cause to arrest appellant for unlawful possession
of a firearm, and because exigent circumstances were present, we overrule appellant's second
issue on appeal. We therefore need not address appellant's first issue on appeal, in which he
complains that the search that yielded the cocaine exceeded the scope of a Terry frisk for weapons.


CONCLUSION


 We conclude that the officers had probable cause and exigent circumstances
justifying their search and arrest of appellant. We further hold that appellant cannot challenge the
validity of the search of the vehicle that uncovered the gun that provided officers with probable
cause to arrest him. The juvenile court therefore did not err in denying appellant's motion to
suppress, and we affirm its judgment.



 
 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: June 15, 2000

Do Not Publish
1. See Tex. Transp. Code Ann. §§ 542.401, 545.104 (West 1999).
2. Bryant testified that he placed the driver under arrest because "he was extremely nervous
and apparently lying to me" and because he stuttered in responding to some of the officer's
questions. It is not at all clear that nervousness alone gives rise to probable cause to arrest a
suspect. See generally Montano v. State, 843 S.W.2d 579, 582 (Tex. Crim. App. 1992); Crockett
v. State, 803 S.W.2d 308, 312-13 (Tex. Crim. App. 1991). But see Woods v. State, 956 S.W.2d
33, 38 (Tex. Crim. App. 1997) (holding that "as consistent with innocent activity as with criminal
activity" test is no longer viable for determining reasonable suspicion, and overruling
Montano and other cases to extent that they contradict that holding).


 While the court of criminal appeals has upheld an arrest for failing to use a turn signal, that
court went on to hold that the officers lacked probable cause to search the car incident to that
arrest. See Beck v. State, 547 S.W.2d 266, 268 (Tex. Crim. App. 1976). In Beck, the court
relied heavily on the fact that appellant could not have reached the glove compartment where
marihuana was found from where he was standing, and so officers could not claim the search of
that area was necessary to protect them from bodily injury during their detention of appellant. 
See id.
3. That appellant was ultimately charged with delinquency for possession of cocaine and not
with unlawful possession of a firearm does not affect the determination of probable cause to arrest
and search at the scene.
4. When, as here, an offense is committed in the presence or within the view of a peace
officer, the officer may arrest the offender without a warrant and, we believe, without the
necessity of exigent circumstances. See Tex. Code Crim. Proc. Ann. art. 14.01 (West 1977);
Salazar v. State, 788 S.W.2d 681, 682 (Tex. App.--Texarkana 1990, no pet.). Because appellant
argues the absence of exigent circumstances, however, and because many appellate court opinions
are less than clear on the issue, we will discuss the existence of exigent circumstances in the
present case.
5. Appellant cites us to In re A.D.D., 974 S.W.2d 299, 306 (Tex. App.--San Antonio 1998,
no pet.), for the proposition that after an initial Terry frisk officers may not search a suspect
further. In A.D.D., the court held the subsequent search, which yielded cocaine, impermissible
because the officers failed to testify to any fact that would justify a second protective weapons
search after the first frisk revealed no weapons. See id. In fact, one officer testified that he had
no articulable fear of A.D.D. See id. We find the present case distinguishable, because Bryant
did testify to an articulable reason for fearing for his safety after a gun was found while searching
the car. Further, the officers at that point had probable cause to arrest appellant for unlawful
possession of a firearm, so their subsequent search of appellant did not have to be limited to a
Terry frisk.



r that his partner may have missed a weapon
on his initial, cursory frisk. We hold that, after finding a weapon in the car, the officers'
subsequent fear of further weapons constituted an exigent circumstance that justified the
warrantless search and arrest of appellant.

 Because the officers had probable cause to arrest appellant for unlawful possession
of a firearm, and because exigent circumstances were present, we overrule appellant's second
issue on appeal. We therefore need not address appellant's first issue on appeal, in which he
complains that the search that yielded the cocaine exceeded the scope of a Terry frisk for weapons.


CONCLUSION


 We conclude that the officers had probable cause and exigent circumstances
justifying their search and arrest of appellant. We further hold that appellant cannot challenge the
validity of the search of the vehicle that uncovered the gun that provided officers with probable
cause to arrest him. The juvenile court therefore did not err in denying appellant's motion to
suppress, and we affirm its judgment.



 
 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: June 15, 2000

Do Not Publish
1. See Tex. Transp. Code Ann. §§ 542.401, 545.104 (West 1999).
2. Bryant testified that he placed the driver under arrest because "he was extremely nervous
and apparently lying to me" and because he stuttered in responding to some of the officer's
questions. It is not at all clear that nervousness alone gives rise to probable cause to arrest a
suspect. See generally Montano v. State, 843 S.W.2d 579, 582 (Tex. Crim. App. 1992); Crockett
v. State, 803 S.W.2d 308, 312-13 (Tex. Crim. App. 1991). But see Woods v. State, 956 S.W.2d
33, 38 (Tex. Crim. App. 1997) (holding that "as consistent with innocent activity as with criminal
activity" test is no longer viable for determining reasonable suspicion, and overruling
Montano and other cases to extent that they contradict that holding).


 While the court of criminal appeals has upheld an arrest for failing to use a turn signal, that
court went on to hold that the officers lacked probable cause to search the car incident to that
arrest. See Beck v. State, 547 S.W.2d 266, 268 (Tex. Crim. App. 1976). In Beck, the court
relied heavily on the fact that appellant could not have reached the glove compartment where
marihuana was found from where he was standing, and so officers could not claim the search of
that area was necessary to protect them from bodily injury during their detention of appellant. 
See id.
3. That appellant was ultimately charged with delinquency for possession of cocaine and not
with unlawful possession of a firearm does not affect the determination of probable cause to arrest
and search at the scene.
4. When, as here, an offense is committed in the presence or within the view of a peace
officer, the officer may arrest the offender without a warrant and, we believe, without the
necessity of exigent circumstances. See Tex. Code Crim. Proc. Ann. art. 14.01 (West 1977);
Salazar v. State, 788 S.W.2d 681, 682 (Tex. App.--Texarkana 1990, no pet.). Because appellant
argues the absence of exigent circumstances, however, and because many appellate court opinions
are less than clear on the issue, we will discuss the existence of exigent circumstances in the
present case.
5. Appellant cites us to In re A.D.D., 974 S.W.2d 299, 306 (Tex. App.--San Antonio 1998,
no pet.), for the proposition that after an initial Terry frisk officer