# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00253-CR

**Jason Strickling, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
### NO. 567136, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

The trial court found appellant Jason Strickling guilty of unlawfully carrying a weapon and assessed punishment at incarceration for one day and a $2500 fine. *See* Tex. Pen. Code Ann. § 46.02 (West Supp. 2001). By two points of error, appellant contends the court erred by overruling his motion to suppress evidence. We overrule these points and affirm the conviction.

Appellant's pickup truck was stopped for speeding by Austin Police Officer Joseph Wallace. Appellant, who was driving, did not have his driver's license or proof of insurance. Wallace asked appellant to get out of the truck and stand with him on the shoulder of the highway. Appellant's passenger was allowed to remain in the vehicle. Appellant told Wallace his birth date and that his name was Boyd Strickling. A license check disclosed no license issued for that name and birth date. At this point, Wallace informed appellant that he was under arrest for driving without a license and handcuffed him.

The officer continued trying to identify appellant. He asked appellant the name on his birth certificate. Appellant told him Jason Boyd Strickling. The officer also asked the passenger for appellant's name. The passenger told Wallace that he knew appellant as Boyd Strickling, but thought that his first name might be John. A license check for Jason Strickling confirmed that a driver's license had been issued for a person with that name and appellant's claimed birth date.

Officer Wallace testified that in his experience, a person who cannot readily identify himself when stopped for a traffic violation often has an outstanding warrant, and sometimes uses the name of a relative or other person. Thus, the officer concluded that he "needed some kind of I.D. to find out if that was actually him. So I gone and proceeded into the vehicle to find any kind of I.D., license, insurance, any kind of mail." Under the driver's seat, the officer found the knife that was the basis for this prosecution.

Appellant does not deny that his arrest was lawful. He also concedes that incident to the arrest, Officer Wallace was authorized to search him and the area within his immediate control in order to remove any weapons that might prove a danger to the officer and to seize any evidence that might be concealed or destroyed. *Chimel v. California*, 395 U.S. 752, 762-63 (1969). Appellant argues, however, that the search of his truck exceeded the constitutional limits set by *Chimel.* In reviewing appellant's contentions, we review *de novo* the trial court's application of the law to the undisputed facts. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).[1]

Appellant first argues that Officer Wallace had no reason to fear that appellant had a weapon in his truck, and that in any event the officer testified that the search was for identification,

---

[1] Appellant does not raise separate federal and state constitutional claims.

not for a weapon or evidence relevant to the traffic offenses for which appellant was arrested. Appellant relies on the opinion in *Beck v. State*, 547 S.W.2d 266 (Tex. Crim. App. 1977). In that case, the defendant was stopped and arrested for an observed traffic offense. The arresting officers searched the interior of the defendant's car incident to the arrest, finding marihuana in the glove compartment. The court of criminal appeals concluded that the warantless search was unlawful because there was no showing that the officers had reasonable grounds to believe that they were in danger or that the defendant was armed or dangerous. *Id*. at 268.

*Beck* was decided before the Supreme Court announced its opinion in *New York v. Belton*, 453 U.S. 454 (1981). There, the Court noted that the application of *Chimel* to automobile searches had proven difficult. *Id*. at 459. In order to establish a "workable rule," the Court held that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." *Id*. at 460 (footnotes omitted). This bright line rule has been recognized and applied in Texas. *See State v. Ballard*, 987 S.W.2d 889, 892-93 (Tex. Crim. App. 1999); *Cox v. State*, 931 S.W.2d 349, 358 (Tex. App.—Fort Worth 1996) (search of vehicle following arrest of driver for refusing to identify self and failing to have valid driver's license), *pet. dism'd, improvidently granted*, 951 S.W.2d 5 (Tex. Crim. App. 1997). Appellant's contention that the search of his truck was not justifiable solely on the basis of his lawful arrest is without merit. Point of error one is overruled.

Appellant's second argument is that the interior of his truck was no longer within his immediate control because he had been out of the vehicle for twenty minutes. He bases this argument on the opinion in *State v. Kelly*, 963 S.W.2d 866 (Tex. App.—San Antonio 1998, no pet.). In that

case, a police officer followed a car that was displaying an expired registration tag until it stopped in the driveway of a house. *Id*. at 867. The driver, Kelly, got out of the vehicle before he was approached by the officer. *Id*. There was also evidence that Kelly entered the house once, or perhaps twice, before the officer requested identification and questioned him about the registration issue. *Id*. Kelly was arrested after a license check disclosed several outstanding warrants. *Id*. Cocaine was found in Kelly's car during a search incident to his arrest. *Id*. The appellate court observed that the *Belton* rule applies only when the person arrested is the occupant or recent occupant of the vehicle searched. *Id*. at 869. When a person is not in the vehicle when police contact is initiated, his temporal and spatial proximity to his vehicle must be examined to decide if he was a "recent occupant" of the vehicle within the meaning of *Belton*. *Id*. (citing *Gauldin v. State*, 683 S.W.2d 411, 414 (Tex. Crim. App. 1984)). The court concluded that given the evidence, the trial court could reasonably conclude that Kelly was not a recent occupant of his automobile and therefore was not subject to a *Belton* search. *Id*. at 870. The order suppressing the cocaine was affirmed. *Id*.

We believe *Kelly* is factually distinguishable from the instant cause. Unlike Kelly, appellant was stopped by Officer Wallace while driving his pickup truck. He got out of the truck at the officer's direction, and he remained within a few feet of the vehicle during the twenty minutes that elapsed between the stop and the search. Under the circumstances, we conclude that appellant had been a recent occupant of the truck and that the search was a lawful incident of his arrest. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   November 29, 2001

Do Not Publish