COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-359-CR
 
MIKKI LEA MCMANUS           
           
           
           
           
           
APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
    STATE
------------
FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
Appellant Mikki Lea McManus appeals her conviction for driving while
intoxicated. In one point on appeal, she asserts that the trial court erred by
denying her motion to suppress because there was no reasonable suspicion for the
police to have made the stop. We affirm.
BACKGROUND
       
At 2:15 a.m. on September 7, 2001, Sergeant Mark Bergstrom of the University of
North Texas Police Department observed appellant's car stopped at a flashing red
light for fifteen to twenty seconds. There was no traffic at the intersection.
Appellant then turned right without using her turn signal, and Officer Bergstrom
began to follow her. Appellant's vehicle drifted from the left lane to the right
lane and back, again without signaling, and she was traveling approximately five
to ten miles over the speed limit. Appellant then turned right, this time using
a turn signal. Officer Bergstrom activated his overhead flashing lights and
stopped appellant. When she exited her vehicle, he noticed that she had an odor
of alcoholic beverage on her breath and her speech was slurred. Appellant told
Officer Bergstrom that she had been drinking. Officer Bergstrom arrested
appellant after she was unable to successfully perform either the nine-step
walk-and-turn test or the one-legged stand test.
       
At the suppression hearing, Officer Bergstrom testified that his attention was
drawn to appellant while she waited at the flashing red light because it was not
normal for vehicles to sit at a flashing red light for fifteen to twenty seconds
with no other traffic in the vicinity. He then observed her commit the traffic
offense of failing to signal intent while turning right, even though the turn
was not unsafe. He also observed her weave from the left lane to the right and
back to the left and exceed the speed limit. The trial judge stated that the
fifteen-to-twenty second stop at the flashing red light was not unusual, but
that he was denying the motion to suppress because the officer had reasonable
suspicion to stop appellant when he observed her commit the traffic offense of
turning without signaling an intent to turn.
STANDARD OF REVIEW
       
We review a trial court's ruling on a motion to suppress under a bifurcated
standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We afford almost total deference to a trial court's determination of
the historical facts that the record supports, especially when the trial court's
fact findings are based upon an evaluation of credibility and demeanor. State
v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (citing Guzman v.
State, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997)). We afford the same
amount of deference to the trial court's ruling on mixed questions of law and
fact, if the resolution of those questions turns on an evaluation of credibility
and demeanor. Guzman, 955 S.W.2d at 89. We review de novo the trial
court's determination of reasonable suspicion and probable cause. Id. at
87. If the trial court's decision is correct on any theory of law applicable to
the case, the decision will be sustained. Ross, 32 S.W.3d at 855-56.
DISCUSSION
       
Because Officer Bergstrom stopped appellant without a warrant, the State bore
the burden at the suppression hearing of demonstrating the stop was reasonable
within the totality of the circumstances. Hulit v. State, 982 S.W.2d
431, 436 (Tex. Crim. App. 1998); Singleton v. State, 91 S.W.3d 342, 346
(Tex. App.--Texarkana 2002, no pet.). To justify a traffic stop, the officer
must have observed specific objective, articulable facts which, in light of the
officer's experience and personal knowledge, together with inferences from those
facts, would warrant a reasonable person to believe a traffic violation had
occurred. Davis v. State, 947 S.W.2d 240, 242-43 (Tex. Crim. App.
1997); Singleton, 91 S.W.3d at 346.
       
The Texas Transportation Code governs the use of turn signals. According to
section 545.104:

 (a) An operator shall use the
 signal authorized by Section 545.106 to indicate an intention to turn, change
 lanes or start from a parked position.
 (b) An operator intending to turn
 a vehicle right or left shall signal continuously for not less than the last
 100 feet of movement of the vehicle before the turn.

Tex.
Transp. Code Ann. § 545.104(a), (b) (Vernon 1999). In her brief, appellant
acknowledges that an officer may lawfully stop and detain a person for a traffic
violation. McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App.
1993). She contends, however, that the officer did not have reasonable suspicion
to stop her because the statute does not require a turn signal when the turn is
actually being made and the officer did not observe her until she was stopped
immediately before turning right without using a turn signal. We disagree. The
statute requires the operator to signal continuously before the turn, which
would include the time during which she was stopped at the flashing red light. See
Howard v. State, 599 S.W.2d 597, 599 (Tex. Crim. App. 1979); Beck v.
State, 547 S.W.2d 266, 267 (Tex. Crim. App. 1976); State v. Zeno, 44
S.W.3d 709, 712 (Tex. App.--Beaumont 2001, pet. ref'd); Trahan v. State, 16
S.W.3d 146, 147 (Tex. App.--Beaumont 2000, no pet.). The officer also observed
appellant traveling in excess of the posted speed limit and failing to maintain
a single lane of traffic, Tex. Transp. Code Ann. §§ 545.060, 545.351, either
of which would also have given him reasonable suspicion for a traffic violation
stop. Ross, 32 S.W.3d at 855-56.
CONCLUSION
       
We hold that the trial court did not err by denying appellant's motion to
suppress. Accordingly, we affirm the trial court's judgment.
 
                                                                       
PER CURIAM
 
PANEL F: GARDNER, HOLMAN, and
WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: June 5, 2003

1. See Tex. R. App. P. 47.4.