MCMANUS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-359-CR

MIKKI LEA MCMANUS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Mikki Lea McManus appeals her conviction for driving while intoxicated.  In one point on appeal, she asserts that the trial court erred by denying her motion to suppress because there was no reasonable suspicion for the police to have made the stop.  We affirm.

BACKGROUND

At 2:15 a.m. on September 7, 2001, Sergeant Mark Bergstrom of the University of North Texas Police Department observed appellant’s car stopped at a flashing red light for fifteen to twenty seconds.  There was no traffic at the intersection.  Appellant then turned right without using her turn signal, and Officer Bergstrom began to follow her.  Appellant’s vehicle drifted from the left lane to the right lane and back, again without signaling, and she was traveling approximately five to ten miles over the speed limit.  Appellant then turned right, this time using a turn signal.  Officer Bergstrom activated his overhead flashing lights and stopped appellant.  When she exited her vehicle, he noticed that she had an odor of alcoholic beverage on her breath and her speech was slurred.  Appellant told Officer Bergstrom that she had been drinking.  Officer Bergstrom arrested appellant after she was unable to successfully perform either the nine-step walk-and-turn test or the one-legged stand test. 

At the suppression hearing, Officer Bergstrom testified that his attention was drawn to appellant while she waited at the flashing red light because it was not normal for vehicles to sit at a flashing red light for fifteen to twenty seconds with no other traffic in the vicinity.  He then observed her commit the traffic offense of failing to signal intent while turning right, even though the turn was not unsafe.  He also observed her weave from the left lane to the right and back to the left and exceed the speed limit.  The trial judge stated that the fifteen-to-twenty second stop at the flashing red light was not unusual, but that he was denying the motion to suppress because the officer had reasonable suspicion to stop appellant when he observed her commit the traffic offense of turning without signaling an intent to turn. 

STANDARD OF REVIEW

We review a trial court’s ruling on a motion to suppress under a bifurcated standard of review.  
Carmouche v. State, 
10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We afford almost total deference to a trial court’s determination of the historical facts that the record supports, especially when the trial court’s fact findings are based upon an evaluation of credibility and demeanor.  
State v. Ross, 
32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (citing 
Guzman v. State, 
955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997)). We afford the same amount of deference to the trial court’s ruling on mixed questions of law and fact, if the resolution of those questions turns on an evaluation of credibility and demeanor.  
Guzman, 
955 S.W.2d at 89.  We review de novo the trial court’s determination of reasonable suspicion and probable cause.  
Id. 
at 87.  If the trial court’s decision is correct on any theory of law applicable to the case, the decision will be sustained.  
Ross, 
32 S.W.3d at 855-56. 

DISCUSSION

Because Officer Bergstrom stopped appellant without a warrant, the State bore the burden at the suppression hearing of demonstrating the stop was reasonable within the totality of the circumstances.  
Hulit v. State, 
982 S.W.2d 431, 436 (Tex. Crim. App. 1998); 
Singleton v. State, 
91 S.W.3d 342, 346 (Tex. App.—Texarkana 2002, no pet.).  To justify a traffic stop, the officer must have observed specific objective, articulable facts which, in light of the officer’s experience and personal knowledge, together with inferences from those facts, would warrant a reasonable person to believe a traffic violation had occurred.  
Davis v. State, 
947 S.W.2d 240, 242-43 (Tex. Crim. App. 1997); 
Singleton, 
91 S.W.3d at 346.  

The Texas Transportation Code governs the use of turn signals.  According to section 545.104:

(a) An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes or start from a parked position.

(b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

Tex. Transp. Code Ann. 
§ 545.104(a), (b) (Vernon 1999).  In her brief, appellant acknowledges that an officer may lawfully stop and detain a person for a traffic violation.  
McVickers v. State, 
874 S.W.2d 662, 664 (Tex. Crim. App. 1993).  She contends, however, that the officer did not have reasonable suspicion to stop her because the statute does not require a turn signal when the turn is actually being made and the officer did not observe her until she was stopped immediately before turning right without using a turn signal.  We disagree.  The statute requires the operator to signal continuously before the turn, which would include the time during which she was stopped at the flashing red light.  
See Howard v. State, 
599 S.W.2d 597, 599 (Tex. Crim. App. 1979); 
Beck v. State, 
547 S.W.2d 266, 267 (Tex. Crim. App. 1976); 
State v. Zeno, 
44 S.W.3d 709, 712 (Tex. App.—Beaumont 2001, pet. ref’d); 
Trahan v. State, 
16 S.W.3d 146, 147 (Tex. App.—Beaumont 2000, no pet.).  The officer also observed appellant traveling in excess of the posted speed limit and failing to maintain a single lane of traffic, 
Tex. Transp. Code Ann. 
§§ 545.060, 545.351, either of which would also have given him reasonable suspicion for a traffic violation stop.  
Ross, 
32 S.W.3d at 855-56.

CONCLUSION

We hold that the trial court did not err by denying appellant’s motion to suppress.  Accordingly, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: June 5, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.