**Roland DeNOIE et al., Appellants,**

v.

**The BOARD OF REGENTS OF the UNIVERSITY OF TEXAS SYSTEM, Appellee.**

**No. 13268.**

Court of Civil Appeals of Texas, Austin.

Nov. 19, 1980.

Mary F. Keller, American Civil Liberties Foundation of Texas, Inc., Austin, for appellants.

Mark White, Atty. Gen., Gregory Wilson, Asst. Atty. Gen., Austin, for appellee.

SMITH, Justice.

This is an appeal from a temporary injunction granted appellee by the 200th District Court of Travis County, enjoining appellants, Roland DeNoie and Michael Kleinman, and others acting in concert with them from selling or offering for sale any food, beverage, property, or service on the University of Texas campus.

We affirm the judgment of the trial court.

Appellants and their associates are sandwich vendors who sell sandwiches at various locations in the City of Austin. Since 1971, one of the locations regularly used for this purpose was at the corner of San Jacinto and 23rd Streets which appellee maintains is a part of the campus of the University of Texas at Austin.

As early as 1975, appellants were informed that their activities at this location were in violation of the Rules and Regulations of the Regents of the University of Texas System. Chapter VI, section 6 of these Rules and Regulations prohibits solicitation on the University campus. Appellants and some of their vendors were arrested when they continued to use this location for their commercial enterprise.

In April, 1980, appellee brought a suit against appellants to have them permanently enjoined from violating the Regent's rule. Upon the filing of the suit, the 200th District Court of Travis County entered a temporary restraining order, *ex parte*, enjoining the sale or offer for sale of any beverage, food, property, or service on the University campus by appellants, their agents or employees, and all others acting in concert with them. The case was set for hearing on the temporary injunction for April 14, 1980.

Prior to that hearing, appellants filed a motion to dissolve the temporary restraining order and a motion to recuse the district court judge. The motion to recuse the district court judge was denied and, after hearing, the trial court entered the temporary injunction. It is from this action appellants have perfected this appeal.

Appellants have brought forward six numbered points of error which, when taken together, fairly present the single question this Court may properly consider and decide.

In such cases, the trial judge is endowed with broad discretion to grant or deny the injunction. The scope of appellate review in such cases is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *State v. Southwestern Bell Telephone Co.*, 526 S.W.2d 526 (Tex.1975); *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (Tex.1962).

The only valid purpose of a temporary injunction is to maintain the *status quo* pending a final trial of the case on the merits. The *"status quo"* to be preserved by temporary injunction is the last, actual, peaceable, non-contested status which preceded the pending controversy. *Transport Company of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953); *S.S.S. Water Systems, Inc. v. City of Gran-*

*ite Shoals,* 601 S.W.2d 191 (Tex.Civ.App.—Austin 1980, no writ).

In the case at bar, the trial judge found the following pertinent facts, which he incorporated in his order:

(1) The location at San Jacinto and 23rd Streets constitutes a part of the campus of the University of Texas at Austin to which the University has fee simple title.

(2) The Board of Regents of the University of Texas has the authority to, and has by Rules and Regulations, prohibited solicitation on its property which includes the subject location.

(3) That Roland DeNoie and Mike Kleinman have been informed of such Rules and Regulations and have been requested to cease their activities, but have continued to engage in the conduct of solicitation and the sale of their sandwiches despite the knowledge and the request to cease and, unless restrained, will continue their trespass which constitutes irreparable injury.

■ The conduct of appellants, as found by the trial judge, amounts to a criminal trespass upon the land of appellees in violation of Section 30.05, Texas Penal Code (1974). *Status quo* can never be a course of conduct which is a *prima facie* violation of law. *Public Utilities Board v. Central Power & Light Co.,* 587 S.W.2d 782 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); *Wesware, Incorporated v. State,* 488 S.W.2d 844 (Tex.Civ.App.—Austin 1972, no writ). In this case, the *status quo* is the uninterrupted possession of the land in question by the appellee.

■ The district court found appellants were trespassers on appellee's property. The court further found that the appellants would continue to trespass on appellee's property if not enjoined. A temporary injunction is a proper remedy to restrain repeated or continuous trespass. Appellee has suffered at least minor interference with the use of its property due to appellants' trespass. *MGJ Corp. v. City of Houston,* 544 S.W.2d 171 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.).

If appellee were forced to file suit against appellants each time appellants trespassed on University property, this would result in a multiplicity of suits. There is, therefore, no adequate remedy at law. *Boiles v. City of Abilene,* 276 S.W.2d 922 (Tex.Civ.App.—Eastland 1955, writ ref'd).

We specifically express no opinion on appellants' other contentions which do not go to the sole question now before this Court. Having found no clear abuse of discretion in the trial court's issuing of a temporary injunction, the judgment of the trial court is affirmed.

Affirmed.