**STATE of Texas, Appellant,**

v.

**Robert JACKSON, Appellee.**

**No. 04–92–00312–CR.**

Court of Appeals of Texas, San Antonio.

Feb. 26, 1993.

Steven C. Hilbig, Crim. Dist. Atty., Daniel Thornberry, Gerald Matheny, Priscilla Garcia, Asst. Crim. Dist. Attys., San Antonio, for appellant.

Verna Victoria Langham, New Braunfels, for appellee.

Before PEEPLES, BIERY and GARCIA, JJ.

## OPINION

PEEPLES, Justice.

The State appeals from an order granting a motion to suppress. Appellee Robert Jackson was indicted for the offense of possession of cocaine under twenty-eight grams. Police found the cocaine on appellee's person during a search incident to appellee's warrantless arrest for criminal trespass. The sole issue on appeal is whether probable cause existed to arrest appellee for criminal trespass. We hold that property owners may delegate to their agents the authority to exclude persons from their premises. But because the record suggests that appellee may not have been on the owner's premises but on the street, from which neither the owner nor his agent could have excluded him, we affirm the order granting the motion to suppress.

At the hearing on appellee's motion to suppress evidence, San Antonio Police Officer Terry Moten was the only witness. He testified that in his off-duty hours, he worked as a security guard at the Sutton Homes housing project. According to Moten, the Housing Authority gave its security guards the authority to bar non-residents from the premises if they had committed crimes or engaged in other misconduct on the property, or if they were on the property without a reason. Moten testified that such non-residents usually signed a form acknowledging that they had been given notice they were not allowed on the premises.

Just after midnight on March 2, 1992, Officer Moten was patrolling the Sutton Homes when he noticed appellee and another man beginning to run. Two other security guards were approaching the men and one of them, Officer Graig, began to chase appellee. Meanwhile, Officer Moten arrested appellee's companion for criminal trespass. Officer Graig caught appellee, and the officers brought the men to the Sutton Homes office. Having arrested appellee for criminal trespass, the officers found crack-cocaine and a crack pipe in his possession.

Officer Moten further testified that he knew appellee did not live at the Sutton Homes. In the past, Officer Moten and other Housing Authority security guards had told appellee that he was not permitted on the premises. And Officer Moten had personally issued appellee a citation for possession of narcotics paraphernalia, and a citation for criminal trespass. Moten was not sure whether appellee had signed the written notice.

The State contends that the trial court erred in granting the motion to suppress because the search of appellee was justified as a search incident to a lawful arrest for criminal trespass.[1] Under article 14.01 of the code of criminal procedure, a peace officer may make a warrantless arrest for an offense that is committed within his presence or view. TEX.CODE CRIM.PROC. ANN. 14.01(b) (Vernon 1977).

The trial court did not question Officer Moten's testimony that the Housing Authority had given him authority to arrest individuals for criminal trespass. The State argues that the court granted the motion to suppress because it did not believe the Housing Authority could delegate the authority to exclude certain people from the Sutton Homes. The judge stated, "I'm not sure that the manager of the Housing Authority can personally make the decision that a citizen may not walk down the *street* in the housing project. I am absolutely certain that every individual working for him as a security officer cannot do so (emphasis added)."

■ We disagree with any suggestion that the manager of a housing project cannot delegate to security guards or other agents the authority to keep people off the property. Upon probable cause, a peace officer may make a warrantless arrest for criminal trespass at a private apartment complex. *See Beverly v. State,* 792 S.W.2d 103 (Tex.Crim.App.1990); *Salazar v. State,* 788 S.W.2d 681 (Tex.App.—Texarkana 1990, no pet.). Security personnel can even be considered special owners of the property involved in certain offenses. *See Hudson v. State,* 675 S.W.2d 507, 510 (Tex.Crim.App.1984) (criminal mischief); *Inman*

*v. State,* 650 S.W.2d 417, 418–19 (Tex.Crim. App.1983) (theft); *Williams v. State,* 537 S.W.2d 936, 939 (Tex.Crim.App.1976) (burglary of a building).

■ It is basic agency law that a principal may expressly authorize his agent to do what the principal himself could do. *See* RESTATEMENT (SECOND) OF AGENCY §§ 17, 26 (1958). Housing project managers could not possibly patrol their premises twenty-four hours a day without assistance. It is permissible for a manager to hire agents and authorize them to exclude people whom the manager could lawfully exclude.

■ In the present case, it is not clear from the record whether the security guards viewed appellee on a public thoroughfare or on the premises of the housing project. To the extent that a manager has the right to exclude persons from his premises, he is entitled to delegate that right to an agent or agents. *See* RESTATEMENT (SECOND) OF AGENCY §§ 17, 26, 69 (1958). But the manager of a housing project cannot keep people off the adjoining streets. The trial court's statement, quoted above, suggests the defendants were on a public street and not on private property. Because the record does not indicate that appellee was on a portion of the Sutton Homes that was private property, from which the manager and his agents could exclude him, we cannot say that Officer Moten's testimony established as a matter of law that he saw appellee committing criminal trespass.

We hold that the trial court, as the trier of fact, had the discretion to determine that the security guards did not have probable cause to arrest appellee for the offense of criminal trespass because the record does

---

**1.** Section 30.05 of the penal code defines criminal trespass as follows:

(a) A person commits an offense if he enters or remains on property or in a building of another without effective consent and he:

　(1) had notice that the entry was forbidden; or

　(2) received notice to depart but failed to do so.

(b) For purposes of this section:

　(1) "Entry" means the intrusion of the entire body.

　(2) "Notice" means:

　　(A) oral or written communication by the owner or someone with apparent authority to act for the owner;

　　(B) fencing or other enclosure obviously designed to exclude intruders or to contain livestock; or

　　(C) a sign or signs posted on the property or at the entrance to the building, reasonably likely to come to the attention of intruders, indicating that entry is forbidden.

TEX.PENAL CODE ANN. § 30.05 (Vernon 1989 & Supp.1993).

not clearly show appellee was on private property.

We affirm the order granting appellee's motion to suppress.