NO. 12-01-00079-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


BRENT A. ALLEN
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW NO. 2 OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION
 

 Appellant Brent Anthony Allen appeals his conviction for the offense of criminal trespass
for which he was sentenced to 180 days in the county jail, probated for 180 days, and fined $2,000.00
with $1,300.00 of said amount being probated. Appellant raises eight issues on appeal. We affirm.


Background

 On October 25, 1999, Emerson Jasper ("Jasper"), who was employed by the City of Tyler
as a police officer, was working security at the Paluxy Crossing apartment complex. Jasper was
called to an apartment where the tenant asked that Appellant, who was making suicide threats, be
removed. Jasper ordered Appellant to leave the apartment complex (1) and orally warned him that if
he returned, he would be charged with criminal trespass. Jasper later determined that Appellant's
name was not on the rental agreement for the apartment from which he had been removed. 

 On August 12, 2000, Tyler police officer Mark Randy Lane ("Lane") was walking through
the Paluxy Crossing apartment complex. He heard loud music coming from a car which was parked
in the fire lane of the parking lot. Lane approached the driver of the car, Appellant, and asked for
identification. After contacting police dispatchers, Lane arrested Appellant for criminal trespass. 

 Rudy Wright ("Wright") testified at trial that he was the manager of the Paluxy Crossing
apartments on August 12, 2000. Wright told the jury that he had not given Appellant permission to
return to the apartment complex at any time. 


Sufficiency of the Evidence A person commits criminal trespass if he enters or remains on property of another without
effective consent and he had notice that the entry was forbidden or he received notice to depart but
failed to do so. Tex. Pen. Code Ann. § 30.05 (Vernon Supp. 2003). "Notice" includes oral or
written communication by the owner or someone with apparent authority to act for the owner. Id. 
While ownership is not an essential element of criminal trespass, section 30.05 requires that the
property in question belong to another. See id.; Langston v. State, 855 S.W.2d 718, 721 (Tex. Crim.
App. 1993). "Another" means a person other than the actor. Tex. Pen. Code Ann. § 1.07(a)(5)
(Vernon 1994). If the State pleads that a particular person owns the property, which is an
"unnecessarily specific allegation," then it has the burden of proving that allegation. See Langston,
855 S.W.2d at 721. An "owner" means a person who has title to the property, possession of the
property, or a greater right to possession of the property than the actor. See Tex. Pen. Code Ann.
§ 1.07(a)(35) (Vernon 1994). 

Legal Sufficiency

 In his seventh issue, Appellant contends that the evidence is legally insufficient to support
his conviction. The standard of review for legal sufficiency of the evidence is whether, viewing the
evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim.
App. 2000). An appellate court should uphold the jury's verdict "unless it is found to be irrational
or unsupported by more than a mere modicum of evidence." Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988). The jury is the exclusive judge of the credibility of the witnesses and of
the weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App.
1994). Any inconsistencies in the evidence should be resolved in favor of the verdict. Moreno, 755
S.W.2d at 867. 

 Viewed in the light most favorable to the verdict, the evidence showed that Jasper had given
Appellant notice that he was not to return to Paluxy Crossing apartments. Further, the evidence
showed that Wright, who was the manager of the apartment complex and had a greater right to
possession of the property than Appellant, had not given Appellant permission to return to the
apartment complex. When Appellant returned, he was arrested by Lane. We hold that the evidence
is legally sufficient to support the conviction. Therefore, Appellant's seventh issue is overruled. 

Factual Sufficiency

 In his eighth issue, Appellant contends that the evidence is factually insufficient to support
his conviction. When reviewing the factual sufficiency of the evidence, we must ask whether a
neutral review of all the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We review the evidence weighed by the jury that tends
to prove the existence of the elemental fact in dispute and compare it with the evidence that tends
to disprove that fact. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We review the
fact finder's weighing of the evidence and are authorized to disagree with the fact finder's
determination. Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). This review must
employ appropriate deference to prevent an appellate court from substituting its judgment for that
of the fact finder, and any evaluation should not substantially intrude upon the fact finder's role as
the sole judge of the weight and credibility to be given to the testimony of the witnesses. See Jones,
944 S.W.2d at 648.

 Our neutral review of the evidence reveals some "contrary proof." Appellant testified that
Jasper did not warn him not to return to the apartment complex on October 25, 1999. Also,
Appellant told the jury that he actually lived at the apartment complex before that date and returned
and lived in the same apartment for a short period of time after that date. However, the jury
apparently resolved this conflict in the evidence against Appellant, and we must defer to the jury's
determination. We hold that the proof of guilt is neither so obviously weak as to undermine
confidence in the jury's determination nor greatly outweighed by contrary proof. Therefore,
Appellant's eighth issue is overruled. 

Public Place

 In his first issue, Appellant argues that the apartment complex parking lot in which he was
arrested was a "public place," and "he could not therefore be guilty of criminal trespass under Texas
Penal Code §30.05." We interpret this issue to be a challenge to the sufficiency of the evidence as
to one particular element of the offense of criminal trespass: "property of another."

 Whether the property upon which the alleged trespass was committed is a public place is not
a relevant consideration under section 30.05. The germane consideration for purposes of section
30.05 is whether the property is "property of another." See Tex. Pen. Code Ann. § 30.05. Even if
we assume that the apartment complex parking lot is a public place, that does not mean that it is not
"property of another." "Another" may have a greater right to possession of even public property. 
See DeNoie v. Board of Regents of the University of Texas Sys., 609 S.W.2d 601, 603 (Tex. App.-
Austin 1980, no writ). From his testimony regarding his managerial duties and responsibilities at
the apartment complex, it is clear that Wright had a greater right to possess the property than
Appellant, who was a non-resident. Based upon these considerations and upon our disposition of
Appellant's seventh and eighth issues, Appellant's first issue is overruled. 


The Trespass Warning

 In his second and third issues, which are briefed together, Appellant "challenges the
constitutionality of the practice of the Tyler Police Department to permit its officers to issue
undocumented oral orders to Texas citizens barring them from entering real property, without
judicial notice, proceedings or review, and to prosecute those citizens who violate the officer's [sic]
unrecorded oral orders." Appellant candidly admits that no such argument was presented to the trial
court, but urges this court to consider these issues under the doctrine of fundamental error. 

 In the absence of fundamental error, when the defendant fails to object to trial error, the
defendant waives the issue on appeal. Moore v. State, 907 S.W.2d 918, 921 (Tex. App.- Houston
[1st Dist.] 1995, pet. ref'd); see also Tex. R. App. P. 33.1(a). Fundamental error is error that is so
egregious and creates such harm that the defendant has not had a fair and impartial trial. Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Egregious harm is presented when the
reviewing court finds that the case for conviction or punishment was actually made clearly and
significantly more persuasive by the error. Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim.
App. 1991). 

 Appellant specifically argues that his right to due process under the law was violated by the
trespass warning procedures of the Tyler Police Department. However, it is well settled that an
owner or property manager may delegate to security guards or other agents the authority to keep
people off the property. See State v. Jackson, 849 S.W.2d 444, 446 (Tex. App.- San Antonio 1993,
no pet.). Also, it is well settled that upon probable cause, a peace officer may make a warrantless
arrest for criminal trespass at a private apartment complex. Id. 

 Furthermore, Appellant cites no authority for his contention that "the Tyler Police
Department failed to comply with any Texas procedures for barring reentry onto property." "[An
appellant's] brief must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(h). Failure to cite
authority in support of an issue waives the complaint. See Smith v. State, 959 S.W.2d 1, 17 (Tex.
App.- Waco 1998, pet. ref'd) (citing Lawton v. State, 913 S.W.2d 542, 558 (Tex. Crim. App. 1995)).
 Therefore, Appellant has waived the alleged error of which he now complains. Accordingly,
Appellant's second and third issues are overruled.


The Court's Charge

Public Place

 In his fourth issue, Appellant contends that the trial court abused its discretion by failing to
give an instruction to the jury on the definition of a public place. In his fifth issue, Appellant
contends that he was entitled to such a jury instruction as a matter of law. 

 Appellant argues that the fact that the apartment complex parking lot was a public place
raises an affirmative defense to the offense of criminal trespass. A defendant is entitled to a jury
instruction on every affirmative defense raised by the evidence, regardless of the strength or
credibility of that evidence. Sparkman v. State, 968 S.W.2d 373, 378 (Tex. App.- Tyler 1997, pet.
ref'd). However, even if the parking lot is a public place, that fact does not create an affirmative
defense to criminal trespass. As we stated above, whether the property upon which the alleged
trespass was committed is a public place is not a relevant consideration under the penal code. Again,
the germane consideration for purposes of section 30.05 is whether the property is "property of
another." See Tex. Pen. Code Ann. § 30.05. Accordingly, Appellant's fourth and fifth issues are
overruled. 

The City Ordinance

 In his sixth issue, Appellant argues that the trial court erred by instructing the jury that a Tyler
city ordinance prohibited loud noises. However, Appellant cites no authority whatsoever for his
contention that to be included in the court's charge, a city ordinance must be proved up as a business
record or public document and a hard copy must be admitted into evidence. By his failure to cite
authority for his argument, Appellant has waived the alleged error, if any, of which he now
complains. See Tex. R. App. P. 38.1(h); Smith, 959 S.W.2d at 17. Therefore, Appellant's sixth
issue is overruled.

 The judgment of the trial court is affirmed. 


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered March 12, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.







(DO NOT PUBLISH)





1. Appellant actually left the apartment complex in an ambulance and was taken to the hospital due to his
suicide threats.