241 S.W.3d 565 (2007)
In the Matter of F.J.S., A Juvenile.
No. 08-06-00047-CV.
Court of Appeals of Texas, El Paso.
August 16, 2007.
*566 John L. Williams, El Paso, for appellant.
Jose R. Rodriguez, County Attorney, El Paso, for appellee.
Before CHEW, C.J., McCLURE, and CARR, JJ.

OPINION
ANN CRAWFORD McCLURE, Justice.
F.J.S., a juvenile, appeals from an order adjudicating that he engaged in delinquent conduct by committing aggravated robbery. Appellant waived his right to a jury and his case was tried before the juvenile court referee. Finding the evidence legally and factually sufficient to support the adjudication order, we affirm.

FACTUAL SUMMARY
On October 31, 2004, Angel Marquez went trick-or-treating in an area of El Paso known as Devil's Triangle with his friends Joseph Reyes, Adan Marmolejo, and Jorge Gomez. As the group walked near some apartments, a group of six or seven people began walking behind them and one yelled "Northside." The group then demanded that Marquez and his friends give them their candy. When Marquez refused, two people in the group threatened to "beat [their] ass." Appellant, holding a black baseball bat, approached Marquez. Marquez recalled that Appellant's face may have been covered with a devil mask, but he recognized him by his voice, by his bald head, and by his height. He also described Appellant and another juvenile, D.H., as "enemies" because they are from the Northside gang, but Marquez denied being in a gang. Appellant stood in front of Marquez, and another individual known to Marquez only as Johnny stood behind him and held a knife to Marquez's throat. The two of them demanded Marquez's candy and Halloween mask. Marquez gave them the candy and his mask. Appellant struck Marquez in the face with the bat either before or after he gave them the candy and mask. The large group then chased Marquez and his friends away.
Jorge Gomez testified that he was trick-or-treating with Marquez on Halloween in 2004. Like Marquez, Gomez knew Appellant and Johnny. Gomez recalled that Appellant was not wearing a devil mask, but he was wearing a red bandana over the lower part of his face. According to Gomez, it was Appellant who pulled the knife *567 and held Marquez from behind while Johnny stood in front of him. Johnny was "talking trash" and asking Marquez if he remembered him while he pushed Marquez around. After they let Marquez go, either Appellant or Johnny hit him in the head with a bat and they took his candy and mask. Gomez and Marquez then ran away with the other friends in their group.
Marsela Contreras testified on behalf of Appellant. She was with her nephew in the Devil's Triangle area on October 31, 2004 when she saw an incident involving two groups of people. Contreras knows Appellant from school but she does not know Marquez or Gomez. She recalled that Appellant was in a group of four guys and the other group had seven guys. While the two groups came together in a huddle, it did not appear that anyone was in trouble and she did not see any weapons. Appellant did not have a bandana or a mask over his face.
The State called Adan Marmolejo as a rebuttal witness. Marmolejo was out trick-or-treating with his friend, Freddie Gonzalez, when they ran into Marquez. They ran into another group of people who simply said, "What's up?" He did not know Appellant. He saw a little guy in the other group holding a bat.

SUFFICIENCY OF THE EVIDENCE
In his sole point of error, Appellant challenges the legal and factual sufficiency of the evidence supporting the trial court's determination that he engaged in delinquent conduct by committing aggravated robbery. He contends that the State failed to prove his identity beyond a reasonable doubt and also failed to establish that he had either a knife or bat.

Standards of Review
When reviewing challenges to the legal sufficiency of the evidence to establish the elements of the penal offense which forms the basis of the finding that the juvenile engaged in delinquent conduct or conduct indicating a need for supervision, we apply the Jackson v. Virginia[1] standard. In the Matter of A.S., 954 S.W.2d 855, 858 (Tex. App.-El Paso 1997, no pet.). Under this standard, we review all of the evidence, both State and defense, in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. A.S., 954 S.W.2d at 858, citing Jackson v. Virginia, 443 U.S. at 318-19, 99 S.Ct. at 2789.
In reviewing the factual sufficiency of the evidence supporting the adjudication order, we apply the standard utilized in criminal cases. See In re A.S., 954 S.W.2d at 859. Under this standard, we view all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App.2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim. App.1996); In re A.S., 954 S.W.2d at 859. In performing our review, we give due deference to the fact finder's determinations. See id. at 8-9; Clewis, 922 S.W.2d at 136. The fact finder is the judge of the credibility of the witnesses and may "believe all, some, or none of the testimony." Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App.1991). Evidence is factually insufficient if it is so weak that it would be clearly wrong and manifestly unjust to allow the verdict to stand, or the finding of guilt is against the great weight and preponderance of the available evidence. Johnson, 23 S.W.3d at 11. Therefore, the question we must consider in conducting a factual sufficiency review is whether a neutral review of all the evidence, both for and *568 against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. See id. Under the first prong of Johnson, we cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417 (Tex.Crim.App.2006). Under the second prong of Johnson, we cannot declare that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of that conflict. Id. Before finding that evidence is factually insufficient to support a verdict under the second prong of Johnson, we must be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. Id.

Elements of Aggravated Robbery
A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of property, he intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX.PENAL CODE ANN. § 29.02(a)(2)(Vernon 2003). A person commits aggravated robbery if he commits robbery and he uses or exhibits a deadly weapon. TEX.PENAL CODE ANN. § 29.03(a)(2). Under the Penal Code, a deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX.PENAL CODE ANN. § 1.07(a)(17)(Vernon Supp.2006). The amended petition alleges that Appellant intentionally or knowingly threatened and placed Angel Marquez in fear of imminent bodily injury or death and used or exhibited a deadly weapon, namely, a knife, that in the manner of its use or intended use was capable of causing death or serious bodily injury.

Legal Sufficiency
In arguing that the evidence is legally insufficient, Appellant contends that the State did not prove beyond a reasonable doubt that he is the person who committed the aggravated robbery of Marquez or that he wielded either a knife or a bat. We disagree. First, both Marquez and Gomez testified that they knew Appellant and recognized him. While they differed in recollecting whether Appellant's face was covered with a mask or a bandana and whether he wielded a knife or a baseball bat, both witnesses affirmatively testified that they recognized Appellant as one of the assailants. Taking this evidence in the light most favorable to the verdict, we find that it is legally sufficient to prove Appellant's identity beyond a reasonable doubt.
Second, there is legally sufficient evidence supporting a finding that Appellant, as either the primary actor or acting as a party, committed the aggravated robbery of Marquez. Jorge Gomez testified that Appellant held a knife against Marquez's throat while Johnny, holding a baseball bat, stood in front of him. This evidence is legally sufficient to permit a rational trier of fact to find that Appellant, as the primary actor, committed robbery and used or exhibited a deadly weapon, namely, a knife.
Alternatively, the evidence is legally sufficient to support a finding that Appellant committed aggravated robbery as a party. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible or by both. TEX.PENAL CODE ANN. § 7.01(a)(Vernon 2003). Under *569 the law of parties, a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person's commission of the offense. TEX.PENAL CODE ANN. § 7.02(a)(2). In determining whether the accused participated as a party, the court may look to events occurring before, during, and after the commission of the offense, and may rely on the actions of the defendant which show an understanding and common design to do the prohibited act. Cordova v. State, 698 S.W.2d 107, 111 (Tex.Crim.App.1985). While the presence of an accused at the scene of an offense is not alone sufficient to support a conviction, it is a circumstance tending to prove guilt, which, when combined with other facts, may suffice to show that the accused was a participant. Beardsley v. State, 738 S.W.2d 681, 685 (Tex.Crim.App.1987). To impose culpability as a party to aggravated robbery, the State must prove that Johnny committed aggravated robbery, and that Appellant, acting with intent to promote or assist that offense, solicited, encouraged, directed, aided or attempted to aid Johnny to commit aggravated robbery. The evidence must show that at the time of the offense, the parties were acting together, each doing some part of the execution of the common purpose. Cordova, 698 S.W.2d at 111.
Marquez testified that after he refused the group's demands to give them his candy and two people in the group threatened to beat him, Appellant held the baseball bat and stood in front of him while Johnny held the knife to his throat. Appellant struck Marquez with the bat either before or after they took his candy. Taken in the light most favorable to the juvenile court's finding, this evidence is sufficient to prove beyond a reasonable doubt that Appellant acted with the intent to promote or assist Johnny's commission of aggravated robbery and he aided Johnny by standing in front of Marquez while holding the baseball bat. Accordingly, we find the evidence legally sufficient to support the juvenile court's adjudication order.

Factual Sufficiency
Appellant makes arguments under both prongs of Johnson. First, he asserts the State's evidence was too weak to establish his identity as one of the assailants or to prove that he had either a knife or a bat. Second, he argues that the evidence pertaining to these elements, although adequate if taken alone, is greatly outweighed by contrary proof. In this vein, he maintains that his witness was more credible than the State's witnesses. Regarding Appellant's identity as one of the two assailants, both Marquez and Gomez testified Appellant was present and participated in the aggravated robbery. Appellant's witness, Contreras, also put him at the scene of a confrontation with another group of people, but she did not witness a robbery or see any weapons. It is not clear whether the confrontation she witnessed was between Marquez and his friends, or whether she saw the entire confrontation. The evidence pertaining to Appellant's identity is not so weak that it is insufficient to establish his identity nor is it greatly outweighed by contrary proof.
The evidence is also factually sufficient to prove Appellant's guilt as the primary actor or as a party. The State offered evidence that Appellant either robbed Marquez at knife-point while Johnny held a baseball bat, or he held the baseball bat and stood in front of Marquez while Johnny held the knife to Marquez's throat. Although there is an obvious conflict between the testimony of Marquez and Gomez, it was the juvenile court's task to *570 weigh the credibility of the witnesses and resolve the conflicts in the evidence. The juvenile court could have reasonably believed either of the State's witnesses and found Appellant guilty as a primary actor or as a party. Although Contreras did not see any weapons, her testimony does not greatly outweigh the evidence offered by the State. We conclude that the evidence is factually sufficient to support the adjudication order. Accordingly, we overrule Appellant's sole point of error and affirm the adjudication order.
NOTES
[1] Jackson v. Virginia, 443 U.S. 307, 320, 99 S.Ct. 2781, 2789-90, 61 L.Ed.2d 560 (1979).